JACK FARRIS V. THE STATE.

No. 20254. Delivered March 22, 1939.
Rehearing Denied May 17, 1939.

The opinion states the case.

*H. P. Allen* and *J. Meek Hawkins,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was indicted for the theft of property over the value of fifty dollars,—an automobile, and as a second offender he was awarded the highest penalty of ten years in the penitentiary.

There are no bills of exception in the record, and no procedural matters that are presented to us for review. However we do find a statement of facts, and appellant's attorneys complained in their brief of the insufficiency of the facts. We find that the person who lost the automobile was rather vague in his identification of the car which was returned to him, and which was found in appellant's possession, but we also find that other witnesses identify the car by means of a secret number placed thereon by the credit company.

Appellant also complains because of the court's charge relative to the prior offense of like character, which was used in an enhancement of the punishment in the event of a conviction. We note that there were no objections nor exceptions filed to the charge, and we also think that the charge fairly submitted such matter to the jury.

After an examination of the facts we are impressed with the idea that same show appellant in possession of the recently stolen automobile, with no reasonable explanation thereof. See Branch's P. C., p. 1332. We think the facts are sufficient to establish appellant's guilt.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, contends that we erred in our original opinion in this case in holding the evi-

dence sufficient to identify the alleged stolen property as that taken from the owner thereof.

We have again reviewed the record and remain of the opinion that the testimony shows that the automobile found in appellant's possession was the one fraudulently taken from the possession of the owner.

Since this is the only contention urged by appellant, the motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.