**Clarence TYLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44759.**

Court of Criminal Appeals of Texas.

March 29, 1972.

———◆———

Lawrence R. Scroggins, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Victor Driscoll, Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for theft of personal property over the value of $50.00; the punishment, four years imprisonment.

The appellant, with the consent and approval of the court and the State, waived his right to a jury trial and entered a plea of not guilty before the court. The property alleged to have been the subject of theft was a motor vehicle, a liquor distributor's delivery truck.

The appellant first challenges the sufficiency of the evidence to support the conviction.

The delivery truck of over the value of $50.00, belonging to a wholesale liquor company, had been parked outside a store while the driver made a delivery. When the driver returned for the truck loaded with liquor, it had been taken by someone not having the authority and permission to do so. The truck was returned to its owner later the same day, but a quantity of liquor which had been on the truck was missing.

A witness was installing an air conditioning unit in a window at 2402 Jackson Street in Houston on the same day that the liquor delivery truck was taken. Shortly after noon, that witness saw the liquor delivery truck being driven behind the building next door. The truck was closely followed by an automobile driven by the appellant. The appellant, whom the witness had known for six years, was accompanied by a woman. The automobile was backed up into the driveway behind the liquor truck. The driven of the liquor truck and the appellant then took several boxes from the truck and put them into the automobile. After the automobile was heavily loaded, both the driver of the truck and the appellant got into the appellant's automobile and they drove away. In about an hour and a half or two hours, they came back and started to drive into the driveway behind the truck, but they backed out of the driveway and started back down the street, where they were soon arrested by police officers.

Another witness testified that his place was close to 2402 Jackson Street; that on the day in question his niece called his attention to two men who were unloading a truck and "putting some stuff" in a car. This witness looked out of the window and observed the appellant, whom he had known for some time, unloading boxes from the liquor delivery truck and placing the boxes into appellant's automobile, in back of the truck. The car was loaded "till it was

pretty low to the ground. It was dragging. You could hear it dragging going out the driveway. The tailpipe was dragging." This witness said that about ten or fifteen minutes after the appellant and his companion had left in the heavily loaded automobile, police officers came to the premises and questioned his niece. The officers then retired to an area about a block away behind some trees. The appellant came back and drove into the driveway behind the liquor delivery truck and spoke to this witness. The witness thought appellant saw the officers and then appellant backed out of the driveway, started down the street, where he was arrested by the officers.

When the police officers arrested the appellant, there was a woman with him and a man was lying down in the back seat. The officers found a fifth of "Boone County" wine, partially full, in the automobile in which appellant was arrested. There had been testimony that the liquor distributing company that owned the stolen truck was the only distributor of "Boone County" wine in the Houston area.

The appellant did not testify and offered no evidence.

The appellant and his companion were observed to be in joint possession of and exercising control and supervision over the truck and its contents within less than ½ day after it had been stolen. When they returned to the truck and observed the officers nearby, they immediately attempted to leave the scene.

■ The rule is well established that the unexplained possession of property recently stolen is sufficient to authorize a conviction for theft of the property. 5 Branch's Ann. P.C. Sections 2650 and 2651 (2d ed. 1956); compare Farris v. State, 137 Tex.Cr.R. 70, 127 S.W.2d 894 (1939); Hollins v. State, 411 S.W.2d 366 (Tex.Cr.App.1967); Bryant v. State, 397 S.W.2d 445 (Tex.Cr.App. 1965); Anderson v. State, 454 S.W.2d 740 (Tex.Cr.App.1970). The facts are sufficient to support the judgment of conviction.

■ We are not required to review the appellant's second and third grounds of error, because these grounds of error do not meet the requirements of Article 40.09, Section 9, Vernon's Ann.C.C.P. The second ground of error merely states "The trial court was in error by limiting defendant on cross-examination—(Tr. 39)" and is not briefed.

■ We have, however, reviewed the third ground of error under the provisions of Article 40.09, Section 13, V.A.C.C.P. and find it without merit. The lawfulness of the arrest was not raised in the trial court. If it had been, it appears that the officers had ample probable cause to stop and arrest the appellant.

The judgment is affirmed.

Opinion approved by the Court.

ODOM, J., not participating.