**Michael Wayne LANG, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–83–116–CR.**

Court of Appeals of Texas,
Fort Worth.

June 29, 1983.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Criminal Dist. Atty., Donald G. Davis, Dallas, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Michael Wayne Lang, was convicted by a jury of burglary of a habitation (V.T.C.A. Penal Code, § 30.02) and sentenced to seven years confinement in the Texas Department of Corrections.

We affirm.

Lang attacks his conviction in four grounds of error asserting (1) the trial court erred in admitting into evidence items seized from him as they were seized as a result of an illegal arrest and an illegal search and seizure, (2) the evidence was insufficient to support the conviction, (3) the prosecutor argued matters outside the

record and (4) the court refused to permit him to use a police officer's arrest report in cross-examining that officer.

The record shows that on June 1, 1981, as the result of a conversation with a tenant, the maintenance man at an apartment complex located in Dallas called the police to report a burglary in progress. Officers Don Whitten and Michael L. King responded separately to a radio dispatch regarding a burglary in progress at these same apartments. Whitten was directed to apartment 134. The door to that apartment was unlocked, but he left it closed because he did not know if the burglar was still inside or not. He was then shown a broken window at the back of the apartment and positioned himself so he could see the front door and the rear window. The officer radioed for back-up and, as he waited, talked to a man and a young girl.

Officer King approached the apartment complex from a different direction. He saw a black man (who turned out to be Lang) crouched in the hedges. This man looked toward King, stood up, and walked to the rear of the building. King backed his car and pulled into the apartment driveway but lost sight of the man.

Officer Whitten saw Lang walk around the corner of the complex from the back parking area. Lang looked at the officer and the two people he was talking to, stopped, and immediately turned around and started walking in the other direction. The man and girl pointed at Lang, and, as a result of a conversation between them and Whitten, the officer walked toward Lang and called to him. At this time, Officer King pulled up in his squad car. Lang, who appeared tense and nervous, veered away from King and continued to walk. Officer Whitten called to King to hold Lang and he was arrested.

Lang's pockets were bulging. He was searched and found to be in possession of several watches, a bracelet, lighters, a ring, and a large amount of change. All these items were identified by Daniel Galvan, the occupant of apartment 134, as property stolen from him. Officer Whitten checked the interior of the apartment and found it ransacked. Officer King checked the hedges where he had seen Lang crouching and found other items, including a glass fruit jar identified by Galvan as his change jar.

Lang first complains of the introduction of the items found in his pockets because Officer King did not have probable cause to arrest him and thus the incident search was illegal.

■ Probable cause to arrest exists where facts and circumstances known to the arresting officer of which he has reasonably trustworthy information would lead a reasonable and prudent man to believe that a particular person had committed or is committing a crime. *Jones v. State,* 565 S.W.2d 934 (Tex.Cr.App.1978). An officer who does not himself possess probable cause for a warrantless arrest may act on another officer's request. The test in that instance is the information known to the officer making the request. He need not detail such knowledge to the arresting officer. *Tarpley v. State,* 565 S.W.2d 525 (Tex.Cr. App.1978).

■ We hold that Officer Whitten had probable cause to arrest Lang. Officer King arrested Lang in response to Whitten's request. The arrest was valid and the items were seized incident to that valid arrest. Ground of error one is overruled.

Ground of error two asserts that the evidence was insufficient to support the conviction because there is a reasonable hypothesis that he merely stumbled on the stolen property found bulging in his pockets.

■ The unexplained possession of recently stolen property is sufficient to authorize a conviction for theft of the property *Tyler v. State,* 478 S.W.2d 542 (Tex.Cr. App.1972). Possession alone is enough to warrant an inference of guilt if it is personal, recent, unexplained, and is a distinct and conscious assertion of right to the property by the defendant. *Patton v. State,* 617 S.W.2d 255 (Tex.Cr.App.1981). All these

factors are present here. Ground of error two is overruled.

Ground of error three asserts error in the prosecutor's argument that Calvin Holmes, the tenant who first reported the burglary to the maintenance man and pointed Lang out to Officer Whitten, was not available for trial and could not be found. We hold that this argument was invited by defense counsel's argument to the jury that the State had an eyewitness to the burglary, knew where to find him and chose not to call him because he could not identify Lang as the burglar. The State has the right to answer this argument of opposing counsel. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973). Ground of error three is overruled.

Ground of error four asserts the trial court erred in refusing to allow the use of Officer Whitten's report for cross-examination. The report has been made part of the appellate record. We hold that any error is harmless as the failure to produce the report did not deny Lang effective cross-examination and could not possibly lead to impeachment of the witness. *Pinson v. State,* 598 S.W.2d 299 (Tex.Cr.App. 1980). Ground of error four is overruled.

The judgment is affirmed.