Harvey Lee WENDT, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–83–116–CR.

Court of Appeals of Texas, Waco.

July 14, 1983.

Rehearing Denied Aug. 18, 1983.

Discretionary Review Refused Nov. 23, 1983.

Rehearing Denied Jan. 18, 1984.

Mary Moore, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Don Clemmer, Asst. Dist. Atty., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from revocation of his probation.

Defendant was convicted of indecency with a child June 23, 1978, and sentenced to 10 years in the Texas Department of Corrections which sentence was probated. On June 10, 1982, a motion to revoke probation was filed. After hearing the trial court found defendant had violated the terms of his probation in that he had committed the offense of indecency with a child June 1, 1982, April 11, 1982, and December 25, 1981, and revoked his probation and sentenced him to 10 years in the TDC.

Defendant by appointed counsel appeals on 5 Grounds of Error.

■ Grounds 1, 2 and 3 assert the trial court erred in permitting defendant to proceed to trial as his own counsel when there was no voluntary, knowing and intelligent waiver of counsel; that the trial court failed to adequately warn defendant of the dangers of self-representation; and that by reason of the above defendant's federal and state constitutional rights were violated.

Defendant advised the trial court that he did not want appointed counsel, but would represent himself. The trial court held a hearing to determine whether defendant was aware of the consequence of self representation. Defendant testified he was 42 years old; had 96 hours of college credit, and that he definitely wanted to represent himself. The pitfalls and hazards of self representation were pointed out to defendant by the trial judge. Defendant told the trial judge he had previously discussed with the presiding judge that he wanted to represent himself. The court then cautioned defendant that the rules of evidence would be in effect and that he would be required to follow them. The trial court, in an abundance of precaution, went on to tell defendant he was "making a mistake" and should let appointed counsel represent him. Defendant then said he had appeared in court and was familiar with courtroom procedure. The trial court then granted defendant's request to represent himself but appointed an experienced counsel to sit with him and advise him as to any legal questions he might have, which was done.

The trial court complied with all requirements of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562; *Martin v. State,* Tex.Cr.App., 630 S.W.2d 952; and *Garza v. State,* Tex.App., 635 S.W.2d 644.

■ Ground 4 asserts the trial court erred when it forced defendant to trial over defendant's objections.

After defendant announced ready for trial in this case, the probation revocation case, he later told the court that he was only ready for trial on the "new cases" made the basis of the probation revocation.

The "new cases" were proved up in the probation revocation, and no harm is shown.

Ground 4 is overruled.

■ Ground 5 asserts the State failed to meet its burden in proving each and every element of the "new offenses" alleged.

Defendant contends the State failed to prove the children alleged in the new offenses were not his wife. One of the complaining witnesses was 12 years old, and the other was 7 years old. This uncontroverted evidence of the witnesses' youth is sufficient to establish that neither was defendant's spouse. *Chavez v. State,* Tex.Cr.App., 508 S.W.2d 384.

Ground 5 is overruled.

■ Defendant is represented by counsel on appeal who filed a brief in this case. Defendant has additionally filed a pro se brief. There is no right to hybrid representation. *Landers v. State,* Tex.Cr.App., 550 S.W.2d 272.

We have nevertheless examined the pro se brief and the contentions therein made and conclude such are without merit. *Rudd v. State,* Tex.Cr.App., 616 S.W.2d 623.

AFFIRMED.