Joyce Ann LOGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00351–CR.

Court of Appeals of Texas, Dallas.

March 12, 1985.

Douglas W. Skemp, Dallas, for appellant.

Ruth E. Plagenhoef, Dallas, for appellee.

Before SPARLING, WHITHAM and GUILLOT, JJ.

GUILLOT, Justice.

Appellant was convicted by a jury of possession of methadone. The court assessed punishment at twenty years imprisonment in the Texas Department of Correc-

tions. On appeal, appellant raises four grounds of error. For the reasons set forth below, we affirm.

The facts adduced at trial show that several police officers went to a house on Hall street in search of an armed robbery suspect. In connection with the robbery, the police received a vehicle description and license tag number matching appellant's brother Larry's car which was parked in the driveway of that house on Hall Street. Sergeant King asked appellant, who was standing on the porch, if she had seen the owner of the car. Appellant replied that he had just run down the alley. Sergeant King directed Officer Millward to go to the back of the house. When Sergeant King asked to go into the house, appellant insisted that the car's owner had gone out the back door and down the alley. With the permission of the owner of the house, Sergeant King entered the house. He found the back door locked, determined that no one could have exited that way, and then discovered Larry inside one of the bedrooms. Another officer handcuffed Larry and took him outside. Sergeant King found appellant and informed her that she was under arrest for hindering apprehension. Officer Millward took her outside, and his partner, Officer Kendall, conducted a search. Officer Kendall found, in appellant's pocket, an aluminum foil packet containing what was later determined to be methadone.

In her first ground of error, appellant complains that there was no valid waiver of counsel because the trial court did not adequately inquire into her capacity to waive counsel or warn her of the dangers of doing so as required by *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We first address the court's inquiry into appellant's capacity. In response to the court's questions, appellant stated that she was thirty-nine years old, grew up in Dallas, has a G.E.D. (General Equivalency Diploma) and one year of business management, can read and write in the English language, and had previously been tried in a criminal court assisted by a lawyer. Additionally, because the waiver

of counsel occurred after the State rested its case, the court had had an opportunity to observe appellant and her demeanor, and, in connection with the waiver, the court discussed with her some of the proceedings and instructions up to that point.

It is well established that, in Texas, a court is not required to ask particular questions. *Martin v. State,* 630 S.W.2d 952, 954 (Tex.Crim.App.1982) (en banc). Instead, the record as a whole must demonstrate that the defendant was aware of her actions and proceeded "with [her] eyes open." *Martin,* 630 S.W.2d at 954; *Garza v. State,* 635 S.W.2d 644 (Tex.App.—Amarillo, 1982, pet. ref'd). We hold that the record in the case at bar supports the trial court's determination that appellant was competent to waive counsel.

Next, we review the record for the sufficiency of the warnings given by the trial court regarding the dangers and disadvantages of self-representation. The court informed appellant of the range of punishment she could receive if found guilty and how it could vary if the jury found one or both of the enhancement paragraphs to be true. The court explained that there may be some defenses, and it enumerated three. Furthermore, it warned appellant that:

(1) she would be bound by the rules of evidence and was entitled to have the lawyer present for advice on this;

(2) she would receive no special consideration, but would be held to the same standard as a lawyer;

(3) there is a lot involved in preparing a defense besides just telling the story of what happened;

(4) "there are a lot of dangers and disadvantages of self-representation" and "there are a number of disastrous things that could happen" as a result;

(5) she could "open up extraneous offenses just by asking the wrong question;"

(6) she could alienate the jury by taking over her defense in mid-stream and by

having a lawyer present only for advice; and

(7) putting character witnesses on would open the door to everything she has ever done.

Finally, the court set forth some possible trial strategies the lawyer may have had in mind when he did the things of which appellant complains. We hold that these admonishments were sufficient to apprise appellant of the dangers and disadvantages of self-representation. *See Geeslin v. State*, 600 S.W.2d 309 (Tex.Crim.App.1980). Thus, the waiver meets the requirements of *Faretta*.

■ Appellant further contends that the waiver was the product of dissatisfaction with that particular lawyer rather than the product of a desire for self-representation; therefore, the waiver is invalid. It is true that an expression of dissatisfaction, alone, is not sufficient to constitute a waiver of counsel. *Thomas v. State*, 550 S.W.2d 64 (Tex.Crim.App.1977). However, each of the cases that appellant cites in support of this proposition lacks either a clear expression of waiver, *Thomas*, 550 S.W.2d 64, or sufficient inquiry into capacity and warnings as to the dangers. *Renfro v. State*, 586 S.W.2d 496 (Tex.Crim.App.1979); *Privett v. State*, 635 S.W.2d 746 (Tex.App.— Houston [1st Dist.] 1982, pet. ref'd).

■ In the case at bar, we have both a clear expression of appellant's desire to represent herself and a knowing and intelligent waiver following the court's admonishments. This trial court did not present appellant with the "Hobson's choice" described in *Renfro*, 586 S.W.2d 496, and *Privett*, 635 S.W.2d 644. Appellant never requested another lawyer or any other relief from the trial court. Appellant simply discharged the lawyer appointed by the court. After all of the warnings and questions above, the court asked appellant whether she wanted to proceed with counsel or without. As is her constitutional right, appellant clearly and unqualifiedly stated, "I wish to represent myself." Appellant's first ground of error is overruled.

■ In her second ground of error, appellant contends that the trial court should have sustained appellant's Motion to Suppress because there was no probable cause for arrest for hindering apprehension. The elements of this misdemeanor offense are as follows:

A person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense, he:

(1) harbors or conceals the other;

(2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or

(3) warns the other of impending discovery or apprehension.

Sergeant King had probable cause to arrest appellant if he reasonably believed she committed the offense. *Jones v. State*, 493 S.W.2d 933, 935 (Tex.Crim.App.1973). He was not required to determine whether each element was *provable*. *See Carlock v. State*, 609 S.W.2d 787 (Tex.Crim.App. 1980).

■ Hence, we limit our review to the issue of probable cause. While it is possible that appellant believed her brother had run out the back door, it would also be reasonable to conclude from these facts that appellant's actions were a deliberate attempt to divert the police and to provide her brother with a means of avoiding arrest. Appellant would have us hold that one cannot hinder apprehension unless the other *succeeds* in avoiding arrest. However, this is not what the statute provides. Under the statute, this offense is committed by one who *intends* to hinder arrest and *provides* the other with any means avoiding arrest or effecting escape. The offense does not hinge upon the end result of the offender's acts.

■ Appellant further contends that the arrest was invalid because the arresting officer, Officer Millward, did not personally observe the offense being committed. We point out, however, that Officer Millward merely acted at the direction of his superior officer, Sergeant King, who did personally observe all of the relevant events. We

do not find this to be an invalid form of misdemeanor arrest. *Lang v. State,* 654 S.W.2d 62 (Tex.App.—Fort Worth 1983, pet. ref'd); *Gonzales v. State,* 638 S.W.2d 41 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). We overrule this ground.

 In her third ground of error, appellant complains that the trial court should have granted a mistrial because the State introduced impeachment evidence of a prior federal conviction for forgery, but never proved that it was committed by appellant. Appellant testified that she remembered being convicted of forgery in federal court in 1965, but she could not identify the State's exhibit by the cause number. A brief *sub rosa* hearing was held and the convictions were admitted for record purposes only. Thereafter, appellant denied any involvement in or connection with any of the convictions about which the prosecutor asked except one in 1973 for the unlawful sale of heroin. However, the colloquy continued:

A: That is not true I was only convicted of heroin in 1973 and forgery in '65.

Q: In the federal court on forgery?

A: It was federal court.

This evidence is sufficient for purposes of impeachment to prove that appellant was convicted of forgery in 1965. *See Davison v. State,* 510 S.W.2d 316 (Tex.Crim.App. 1974). Moreover, at no time while appellant was on the stand did she object to improper impeachment. Therefore, she waived the ground.

 Appellant complains in her final ground of error of the trial court's failure to dismiss one of the jurors. This juror was told by a non-juror not to convict if there was not a warrant and to "give the girl a break." Any presumption of injury was rebutted by the juror's testimony that she was not biased or prejudiced by such communication. *See Martinez v. State,* 471 S.W.2d 399 (Tex.Crim.App.1971). This ground is overruled. The judgment of the trial court is affirmed.