**Alfredo Gomez CONTRERAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–91–032–CR.**

Court of Appeals of Texas,
Waco.

Jan. 8, 1992.

David L. Richards, Fort Worth, for appellant.

Dan M. Boulware, Dist. Atty., Cleburne, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

CUMMINGS, Justice.

Alfredo Gomez Contreras was found guilty of aggravated sexual assault, and the jury assessed punishment at ninety-nine years in prison. He appeals the judgment in two points of error. We will affirm the judgment.

In point one, Contreras alleges that the evidence was insufficient to support the verdict at the guilt-innocent phase of the trial. He contends that there was insuffi-

cient evidence to prove that the victim was not his spouse at the time of the offense.

In reviewing the sufficiency of the evidence, we must determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The essential elements of aggravated sexual assault are defined by section 22.021 of the Texas Penal Code. *See* TEX.PENAL CODE ANN. § 22.021 (Vernon 1989). The indictment alleged that on or about August 15, 1990, Contreras "intentionally, and knowingly cause[d] the penetration of the female sexual organ of [the victim], a child younger than 14 years of age who was not the spouse of said defendant." The jury found Contreras "guilty of the offense of Aggravated Sexual Assault as charged in the indictment."

■ At the trial, on February 12, 1991, the victim testified that she was ten years old. Her mother testified that she married Contreras on April 23, 1987. She also testified that she was still married to him at the time of trial. At the closing of the evidence, Contreras moved for a directed verdict alleging that the State had failed to prove beyond a reasonable doubt that the victim was not the spouse of Contreras.

The court permitted the State to reopen its case, and the victim's mother testified that she was married to Contreras, that the victim was not married to Contreras, that the victim and Contreras were not husband and wife, and that the victim was not the spouse of Contreras.

Contreras now contends that the evidence remains insufficient because the State's proof related to the victim's marital status at the time of trial rather than at the time of the offense. Contreras argues that the evidence, viewed in the light most favorable to the prosecution, showed only that he was not married to the victim at the time of trial. However, the victim's own testimony that she was ten years old at the time of trial provided sufficient evidence for a rational trier of fact to find, beyond a

reasonable doubt, that she was not Contreras' spouse on August 15, 1990. In *Brown v. State*, 112 Tex.Crim. 92, 14 S.W.2d 63, 67 (1929), the court held that because the proof in that case showed the victim to be of the tender age of eight years, no further testimony was needed to establish the fact that the victim was not the defendant's wife. *See also Wendt v. State*, 664 S.W.2d 730, 732 (Tex.App.—Waco 1983, pet. ref'd) (holding that uncontroverted evidence of the complaining witnesses' youth was sufficient to establish that neither was defendant's spouse). Point of error one is overruled.

■ In point two, Contreras contends that the court erred in overruling his objection to improper argument made by the prosecutor during the punishment phase of the trial. Proper jury argument falls within one of the following categories: (1) a summary of the evidence; (2) a reasonable deduction from the evidence; (3) an answer to the opponent's argument; or (4) a plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App.1973). All other arguments are improper.

■ In closing argument, the prosecutor made the following argument:

[PROSECUTOR]: I'm not going to stand up here and tell you give him a certain amount of time. That's up to you. But I will tell you I don't think it's a case that deserves five, or ten, or fifteen, or twenty years. I think it deserves a lot more than that. Aggravated sexual assault is a fourteen-year-old child that gets abused. This isn't a case where you have a fourteen-year-old child *maybe she's a little promiscuous.*

[CONTRERAS' COUNSEL]: If the court please, we object. That's an improper argument altogether due to the fact we could not go back into the sexual promiscuity of the child.

THE COURT: Overruled.

[PROSECUTOR]: This isn't a case where we have a little fourteen-year-old child *who is promiscuous* and a little sixteen-year-old boy maybe things get hot and she tells on him. Maybe that's a five or

ten year case. Here you have a grown man and a little ten-year-old girl. Who knows better? He knows better, and he ought to be punished for it.

(Emphasis added).

Contreras argues that because evidence of the sexual promiscuity of the child was not admissible, the prosecutor's argument was improper. According to Contreras, the state should not be permitted to argue for an increased sentence by directing the jury's attention to a lack of evidence that the state knows would not be properly admissible by the defendant. We agree. Because the prosecutor's argument did not fall within one of the categories of proper jury argument, the trial court erred in overruling the objection. When a court overrules an objection to improper jury argument, error results, and a harm analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure is required. *Moreno v. State*, 821 S.W.2d 344, 354 (Tex.App.—Waco 1991, pet. filed); *Washington v. State*, 822 S.W.2d 110, 118 (Tex.App.—Waco 1991, pet. filed); TEX.R.APP.P. 81(b)(2).

■ To determine whether the error is harmless, we must calculate as much as possible the probable impact of the error on the jury in light of the existence of the other evidence. *Orona v. State*, 791 S.W.2d 125, 130 (Tex.Crim.App.1990). As the court in *Orona* noted, in the context of a harmless error analysis, "other evidence" is the entire record. *See id.* As in *Orona*, we recognize that overwhelming evidence of guilt is a variable to be calculated in the harmless error analysis. *See id.*

The victim testified at trial that Contreras "put his fingers in his mouth and he started rubbing [her] private." On another occasion, he again "started rubbing [her] private." She also testified that he "put his private in [her] private" three times. Following the victim's testimony that Contreras had blisters on his "private parts," evidence from both a pediatrician and a gynecologist established that the victim had contracted genital herpes, an incurable disease that can only be transmitted through sexual contact. Finally, evidence was introduced at the punishment phase that Contreras had been previously convicted for the offense of murder. Considering the overwhelming evidence of guilt and Contreras' criminal history, we conclude beyond a reasonable doubt that the final argument by the State did not contribute to the punishment assessed by the jury.

In reviewing the record, it is apparent that the State was not intentionally attempting to taint the trial process with improper argument. The prosecutor made only a passing reference to the promiscuity of a fourteen-year-old girl in an attempt to distinguish the conduct of a teenage boy from that of a mature adult for whom a severe punishment might be more appropriate. Because the probable impact of the improper argument on the jury was minimal, we overrule point of error two. *See id.*

The judgment is affirmed.

THOMAS, Chief Justice, concurring.

Appellant complains in point two about the prosecutor telling the jury during the argument on punishment, "This isn't a case where you have a fourteen-year-old child maybe she's a little promiscuous." His objection, that the statement was "improper argument altogether due to the fact we could not go back into the sexual promiscuity of the child," was overruled. The prosecutor then stated, "This isn't a case where we have a little fourteen-year-old child who is promiscuous and a little sixteen-year-old boy maybe things get a little hot and she tells on him. . . . Here you have a grown man and a little ten-year-old girl." The majority agrees with Appellant's contention that this argument was improper because the state should not be allowed to argue for an increased sentence by directing the jury's attention to a lack of evidence that the state knows would not be properly admissible by the defendant. Although finding error, they nevertheless find it was harmless and affirm the judgment.

I concur in the affirmance but disagree with the finding of error. An accurate

summary of the evidence is proper jury argument. *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973). The prosecutor was entitled to summarize and state what is obvious from the evidence: "This isn't a case where you have a fourteen-year-old child maybe she's a little promiscuous.... This isn't the case where we have a little fourteen-year-old child who is promiscuous and a little sixteen-year-old boy maybe things get a little hot and she tells on him.... Here you have a grown man and a little ten-year-old girl." This was an indisputably accurate statement of the evidence. Moreover, it was a plea for law enforcement, which is also proper jury argument. *See id.*

Finally, Rule 412(e) of the Rules of Criminal Evidence, which limits the right of a defendant to introduce evidence of the prior sexual conduct of a child under fourteen years of age, does not prohibit the state from commenting on the victim's sexual innocence. *See* TEX.R.CRIM.EVID. 412(e). Appellant does not claim to have evidence of the victim's promiscuity that he was prevented from introducing. Thus, the very basis of the majority ruling—that the state should not be allowed to comment on the victim's sexual innocence when the defendant has evidence of promiscuity he cannot introduce—does not appear in the record.

Apparently, the majority enacts an absolute rule: The state can never comment on the victim's sexual innocence if the child is under fourteen, regardless of whether the defendant has any evidence of promiscuity. Extended to its logical limit, the prohibition would keep the state from commenting on the sexual innocence of a two-year-old victim of aggravated sexual assault.

For these reasons, I believe the court correctly overruled the objection and, thus, no error occurred. Without error, the harm analysis is unwarranted. *See* TEX. R.APP.P. 81(b)(2).