TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00576-CR







Wade Stewart Maxfield, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY CRIMINAL COURT OF DALLAS COUNTY


NO. MB93-02175-A, HONORABLE BEN ELLIS, JUDGE PRESIDING








 A jury found appellant Wade Stewart Maxfield guilty of the offense of evading
arrest. Tex. Penal Code Ann. § 38.04 (West 1994). The trial court assessed punishment at
confinement in the county jail for thirty days and a fine of $500.00 and suspended the imposition
of sentence, placing appellant under community supervision for six months.

 Appellant appeals asserting that the evidence is insufficient to support the jury's
verdict, and that the trial court erred in admitting unlawfully obtained evidence, and in overruling
appellant's plea of former jeopardy. We will affirm the judgment of conviction.

 Charles M. Turk, a state trooper using a radar gun, found that appellant, as he
approached a toll road gate, was driving forty miles an hour in a ten mile per hour zone. Trooper
Turk was wearing a Department of Public Safety uniform and a blue reflective vest bearing the
words "State Police." The trooper stopped appellant and told him he had been speeding and
directed appellant to park. Appellant started to comply with the trooper's order but while
watching the trooper in the rearview mirror, appellant accelerated and fled down the toll road. 
Trooper Turk enlisted the aid of C. J. Ingram, a City of Dallas police officer who was in uniform
and driving a marked patrol car. Ingram pursued appellant and stopped him about one mile down
the road. Trooper Turk came to the detention and arrest scene and gave appellant a ticket for
speeding and released him from custody. Later Turk filed charges against appellant for evading
detention. Although appellant's testimony contradicted the officer's testimony in some respects,
the jury, by its verdict, resolved the facts against appellant.

 In reviewing the legal sufficiency of the evidence, the test is whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). A person
commits the offense of evading detention if he intentionally flees from a person he knows is a
peace officer attempting lawfully to arrest or detain him. Tex. Penal Code Ann. § 38.04(a) (West
1994). We hold that the evidence, which has been summarized, is sufficient to support each
element of the offense charged. Appellant's second point of error is overruled.

 In his first point of error, appellant argues that his detention and arrest by police
Officer Ingram was unlawful because that officer did not see him commit the misdemeanor
offenses of which he was accused. Appellant says that only Trooper Turk could have detained
and arrested him. An officer who does not himself have probable cause to make a warrantless
arrest may act upon the request of another officer who has probable cause for making the arrest. 
Tarpley v. State, 565 S.W.2d 525, 529 (Tex. Crim. App. 1978); Logan v. State, 690 S.W.2d 311,
314-15 (Tex. App.--Dallas 1985, pet. ref'd.). The test as to probable cause is the sufficiency of
the information known to the officer who requests another officer to make the arrest. Williams
v. State, 621 S.W.2d 609, 611 (Tex. Crim. App. 1981); Law v. State, 574 S.W.2d 82, 84 (Tex.
Crim. App. 1978).

 In this instance, Officer Ingram who stopped and detained appellant need not have
seen appellant commit the offense and need not himself have had probable cause if Trooper Turk
who requested appellant's arrest had probable cause for the arrest. Trooper Turk saw appellant
commit the misdemeanor offenses of speeding and evading detention; therefore he had probable
cause for detaining appellant and for requesting that Officer Ingram detain and arrest appellant. 
Appellant was lawfully arrested. Appellant's first point of error is overruled.

 In his third point of error, appellant insists that the trial court erred in denying his
plea of former jeopardy. Appellant alleged in the trial court and argues on appeal that, prior to
trial in the instant case, he had been convicted and paid his fine in a justice of the peace court for
the offense of speeding arising out of the same incident as the offense in this case. Although the
record includes appellant's motion claiming former jeopardy and the trial court's terse order
refusing to grant the motion, there is no evidence in the record to prove and support appellant's
motion in the trial court or his contention on appeal. The burden is on appellant to see that a
sufficient record is presented on appeal to show the error he contends requires reversal. Tex. R.
App. P. 50(d). Appellant has failed to furnish a record sufficient for us to review the error
claimed. Moreover, appellant relies on Grady v. Corbin, 495 U.S. 508 (1990), which was
overruled by United States v. Dixon, 509 U.S. ; 125 L. Ed. 2d 556, 578 (1993). Appellant
also relies on the doctrine of carving which has been abandoned. Ex parte McWilliams, 634
S.W.2d 815, 822 (Tex. Crim. App. 1982) (on motion for rehearing). Furthermore, in successive
prosecution contexts, courts now apply the same elements test set out in Blockburger v. United
States, 284 U.S. 299, 304 (1932); see State v. Holguin, 861 S.W.2d 919, 920 (Tex. Crim. App.
1993). The elements of the offense of evading arrest that a person intentionally flee from a person
he knows is a police officer attempting to lawfully arrest or detain him are not elements necessary
to the proof of the offense of speeding. The trial court did not err in denying appellant's plea of
former jeopardy. Appellant's third point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: July 17, 1996

Do Not Publish





* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



by police
Officer Ingram was unlawful because that officer did not see him commit the misdemeanor
offenses of which he was accused. Appellant says that only Trooper Turk could have detained
and arrested him. An officer who does not himself have probable cause to make a warrantless
arrest may act upon the request of another officer who has probable cause for making the arrest. 
Tarpley v. State, 565 S.W.2d 525, 529 (Tex. Crim. App. 1978); Logan v. State, 690 S.W.2d 311,
314-15 (Tex. App.--Dallas 1985, pet. ref'd.). The test as to probable cause is the sufficiency of
the information known to the officer who requests another