**Melvin LAW, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55301.**

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 22, 1978.

Rehearing En Banc Denied Dec. 20, 1078.

Jimmy Phillips, Jr., Angleton, for appellant.

Ogden Bass, Dist. Atty. and A. B. Crowther, Jr., Asst. Dist. Atty., Angleton, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for the offense of carrying a handgun. Punishment was assessed at 30 days' imprisonment.

At 12:10 a. m. on March 6, 1976, Rheda Simmons, the principal witness in the case, walked into the Lake Jackson Police Department obviously shaken and, after talking to the officer in charge, signed the following written statement:

"I was walking down the street going to this girl's house. Melvin Law got out of his car and put the pistol up to my face and said I have two (2) seconds to get away or he was going to blow my head off, so I ran to the Lake Jackson Police station. I was on Coral at the time this happened.

"I can read and write the English language and I have read the above statement and I find it to be true and correct to the best of my knowledge and belief."

Immediately after receiving this statement from Ms. Simmons, the Lake Jackson police put out a radio broadcast that one Melvin Law was carrying a gun located under the front seat of the car, had threatened someone with it and that he was driving a brown Pontiac Firebird.

Five to seven minutes after hearing the broadcast, and approximately within an hour of the alleged incident, Officer Pancoast of the Clute Police Department ar-

rested appellant in Clute, approximately six miles from where the alleged incident occurred. Officer Pancoast testified that he and another officer approached the vehicle and asked appellant to step out of the car. A search beneath the appellant's driver's seat revealed a loaded .32 caliber pistol. A further search of the car's console revealed a box of .32 caliber shells.

At the trial Rheda Simmons testified that the appellant was sitting in his car. She went over, saw another girl with him, and started arguing with him. He then told her he wanted her to leave. She then ran off and told the police that the appellant had a gun, but she testified under oath that she never saw the gun. Her signed statement quoted above was then introduced for impeachment purposes only.

■ In his first ground of error appellant alleges that the information and complaint were insufficient to give the appellant fair notice of the charges against him because they failed to identify the precise location of the alleged offense. This Court has held that it is only necessary to allege the name of the county as the place where the offense was committed, (1) if the offense may be committed anywhere within the county, (2) the place where committed is not an element of the offense, and (3) the court in which the offense is tried has county-wide jurisdiction. *Hodge v. State,* Tex.Cr.App., 527 S.W.2d 289. Those criteria have been met in the instant case. Appellant's first ground of error is overruled.

■ Appellant in his second and third grounds of error challenges the sufficiency of the evidence. The State relied upon the gun found at the time of the arrest for sufficiency purposes. Appellant claims that since there was no showing that appellant owned the car the evidence was insufficient to support a conviction. We disagree. Although the record does not show registration of title, it reflects that the appellant was observed in the exclusive possession of the car numerous times before the time of the arrest. The appellant was driving the car at the time of the arrest. The arresting officer found a gun under the appellant's

driver's seat, conveniently accessible to the appellant. We conclude that these facts taken together were sufficient to show possession of a handgun by the appellant. *Hazel v. State,* Tex.Cr.App., 534 S.W.2d 698; *Curry v. State,* Tex.Cr.App., 465 S.W.2d 154. Grounds of error two and three are overruled.

Ground of error four alleges that the trial court erred in admitting the gun and bullets in evidence since they were the fruits of a warrantless arrest made without probable cause.

■ The information given by Simmons to Officer Gore alleged that the felony of aggravated assault had occurred and that the appellant fled the scene of the offense in his vehicle. The description of the appellant and the appellant's car was given over the police radio, which resulted in the arrest of appellant a short time later, six miles from the scene of the alleged threat. Police broadcasts, based on probable cause, reporting a felony and a description of the suspect satisfy the requirements for a warrantless arrest under Article 14.04, V.A.C.C.P. *Guzman v. State,* Tex.Cr.App., 521 S.W.2d 267; *Myre v. State,* Tex.Cr. App., 545 S.W.2d 820. The test as to probable cause is the information known to the officer who requests another officer to effect an arrest. *McDuff v. State,* Tex.Cr. App., 431 S.W.2d 547; *Marsh v. U. S.,* 344 F.2d 317 (5th Cir.). The information known to Officer Gore was sufficient probable cause to arrest the appellant. Appellant's fourth ground of error is overruled.

■ Appellant's final ground of error argues that the gun and bullets were the product of a search excessive in scope, since the appellant had stepped out of his car when the search occurred. *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), declared that the permissible scope under the Fourth Amendment of a search incident to arrest is "the arrestee's person and the area 'within his immediate control' . . .," construing that phrase to mean the area from within which he might gain possession of a weapon

or destructible evidence. The record in the instant case reveals that the appellant was asked by Officer Pancoast to step out of his car, and he was being escorted by the other officer on duty toward the rear of the car, Officer Pancoast searched under the front seat and found the gun. Although the record is not perfectly clear, it appears this area was still within the appellant's reach or was within the area in which he might have leaped or lunged for the weapon. It was, in our opinion, within the permissible scope of a search incident to a valid arrest.

■ Further, if there is probable cause that a motor vehicle contains contraband or the instrumentalities of a crime as there was here, a valid search is not limited to *Chimel's,* supra, "area of immediate control" scope, but embraces the mobile vehicle itself, regardless of the distance of the accused from the vehicle. The factual situation confronting the officers in the instant case established that exigent circumstances existed requiring the officers to proceed to arrest appellant and search the car for weapons without waiting for a warrant. *Carroll v. U. S.,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; *Brinegar v. U. S.,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; *Hooper v. State,* Tex.Cr.App., 516 S.W.2d 941; *Borner v. State,* Tex.Cr.App., 521 S.W.2d 852.

The court did not err in admitting the evidence seized as a result of the search of appellant's car. Appellant's fifth ground of error is overruled.

The judgment is affirmed.