**Joe A. GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0449–CR.**

Court of Appeals of Texas, Houston (1 Dist.).

April 8, 1982.

Discretionary Review Refused Sept. 15, 1982.

Larry Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and DOYLE and STILLEY, JJ.

DOYLE, Justice.

The appellant was charged with possession of cocaine with intent to deliver. On a trial before the court, the appellant was found guilty and sentenced to ten years confinement.

In his first ground of error, the appellant alleges that the evidence is insufficient to sustain a conviction.

The facts show that the officer Guerra became acquainted in face to face meetings with the appellant, Joe A. Gonzales, through negotiations for the purchase of narcotics. The appellant made the call to his contacts, and thereafter went to pick up the cocaine. When officer Guerra went to make the "buy" that afternoon, the appellant was present with one Reynaldo Obregon, both of whom started immediately locking doors and drawing curtains. The appellant handed officer Guerra a brown wrapper containing a plastic baggie with a white powdery substance. The appellant said, "It's good. I've tried it and also weighed it." Officer Guerra then left the house on the pretext of getting the money from his car and gave a pre-arranged "bust" signal to indicate that he had seen the contraband. The arresting officers entered less than a minute later and found appellant standing within three feet of the contraband. Officer Guerra was able to identify the contraband later introduced as State's exhibit 2 as the same plastic bags of white substance which the appellant gave him on September 2, 1980, and which he left on the coffee table and later saw at the police narcotics office. The white powdery substance was analyzed and found to be 50.4 percent cocaine. The record shows that the appellant exercised control over the bag of cocaine. He and officer Guerra had been negotiating for this sale on numerous prior occasions and the intention to deliver cocaine was present when both price and quantity were discussed, even though the word "cocaine" was not actually used. Possession of cocaine with intent to deliver can be inferred from the appellant's acts. *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr. App.1980).

It is well settled that the evidence must be viewed in the light most favorable to the verdict. In order to establish the unlawful possession of a controlled substance, the State must prove (1) that the accused exercised care, control and management over the contraband, and (2) that the accused knew the substance possessed was a controlled substance. *Hernandez v. State*, 538 S.W.2d 127 (Tex. Cr. App. 1976); *Dubry v. State*, 582 S.W.2d 841 (Tex. Cr. App. 1979). Possession of the contraband need not be exclusive, and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Hernandez* and *Dubry*, supra.

Mere presence of the accused at a place where contraband is being used or possessed cannot justify a finding of joint possession. The evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a

reasonable inference may arise that the accused knew of the contraband's existence and that he exercised control over it. This applies whether the theory of prosecution is sole or joint possession. *Hernandez* and *Dubry*, supra.

This affirmative link is established by showing additional facts and circumstances which would indicate the accused's knowledge and control of the contraband. *Long v. State*, 532 S.W.2d 591, cert. denied, 425 U.S. 937, 96 S.Ct. 1670, 48 L.Ed.2d 179. Ground of error number one is overruled.

In ground of error two, the appellant complains that his motion to quash the indictment should have been granted because there were three different and distinct methods by which delivery of a controlled substance could be made, and he was without notice of the method of delivery on which the State was relying.

■ As a general rule, in every proceeding against the accused, failure to give adequate notice of the offense for which a defense must be prepared will require a reversal of conviction where the defendant has properly challenged the notice deficiency. *Drumm v. State*, 560 S.W.2d 944 (Tex. Cr. App. 1977). In the case before us, we must determine whether the indictment adequately apprises the appellant of which one or more of the three possible types of delivery of a controlled substance he is charged with. In relevant part, the indictment alleges:

> " . . . that in Harris County, Texas, Joe A. Gonzales . . . on or about September 3, 1980, did with intent to deliver, intentionally and knowingly possess a controlled substance, namely, cocaine . . . "

The indictment was drawn pursuant to Art. 4476–15 Sec. 4.03(a), Vernon's Ann. Texas Civ. St. which states:

> Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers, or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1.

Thus, as one of the three possible ways of delivery of a controlled substance, the State must prove that the appellant possessed the controlled substance and that such act of possession was with the intent to deliver it. The elements of an attempted offense (here intent to deliver) need not be set out in an attempt indictment. *Jones v. State*, 576 S.W.2d 393 (Tex. Cr. App. 1979).

■ We distinguish *Garza v. State*, 622 S.W.2d 85 (Tex. Cr. App. 1981) and *Ferguson v. State*, 622 S.W.2d 846 (Tex. Cr. App. 1981), recent cases cited by the appellant in support of his contention that the indictment should be quashed. In both of those cases, the appellants were charged by indictment with *delivering a controlled substance*, as against the indictment in the case before us, where the appellant is charged by indictment with *possession with intent to deliver a controlled substance*. In *Garza* and *Ferguson*, where delivery had already been made, the court held that the accused parties were entitled, statutorily and constitutionally, to know which of the three possible modes of delivery the State would rely on. In the case at bar, we are not concerned with delivery, because no delivery occurred. The State was not required to speculate on which manner of delivery the appellant intended to use and allege such in the indictment. *Jones v. State*, supra. The appellant's ground of error two is overruled.

Appellant complains in his final ground of error that the trial court erred in admitting into evidence contraband seized as a result of an illegal search.

■ Articles 14.01(a) and (b) V.A.C.C.P. provide authority for appellant's arrest. The State then had the burden of showing that there was probable cause for the appellant's warrantless arrest. The State's burden of proof is the same whether the issue is presented at a pretrial motion to suppress hearing or at trial on the merits. *Roberts v. State*, 545 S.W.2d 157 (Tex. Cr. App. 1977). The test applicable in determining whether there is probable cause for arrest without a warrant, is whether the facts and circumstances within the officer's

knowledge and of which he has reasonably trustworthy information, was sufficient to warrant a prudent man in believing that the arrested person had committed, or was committing an offense. *Britton v. State,* 578 S.W.2d 685 (Tex. Cr. App. 1979) cert. denied 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328. In the instant case, Officer Guerra had been negotiating a cocaine buy with the appellant and a Reynaldo Obregon over a period of months. On September 2, 1980, a problem arose concerning the amount of cocaine involved in the transaction. Officer Guerra conferred with other officers in the narcotics division about the buy that afternoon and pre-arranged the signal for the arrests to begin, after he had seen the narcotics. Even though Officer Guerra was the only officer to have seen the commission of the offense, it is sufficient that he saw the offense and communicated his knowledge to other officers, giving them authority to act on the information and to effect an arrest. *Law v. State,* 574 S.W.2d 82, 84 (Tex. Cr. App. 1978); *Tarpley v. State,* 565 S.W.2d 525 (Tex. Cr. App. 1978). After the officers had a legitimate right to be on the premises and had effectuated a lawful arrest, they were authorized to search without a warrant the area within appellant's reach for weapons or other evidence. The officers might also have seized without a warrant evidence what was in plain view. *Tarpley,* supra at 531; *Lejeune v. State,* 538 S.W.2d 775 (Tex. Cr. App. 1976). In the case at bar, the warrantless arrest was legal, the search incident to the arrest was legal, and the seizure of contraband found in plain view was legal because the officers had probable cause under exigent circumstances. *Kolb v. State,* 532 S.W.2d 87, 89 (Tex. Cr. App. 1976). Once the offense occurred there was no time to procure a search warrant. Ground of error three is overruled.

The judgment of the trial court is affirmed.