**Vernon Wayne DORSEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–007–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 16, 1983.

Stephen C. Maxwell, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Christopher J. Pruitt, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and ASHWORTH, JJ.

OPINION

BURDOCK, Justice.

This is an appeal from a conviction of the offense of felony possession of a weapon (pistol). Punishment was assessed by the court on appellant, Vernon Wayne Dorsey's plea of guilty, at five years confinement in the Texas Department of Corrections.

We affirm.

Dorsey timely filed his motion to suppress evidence, prior to entering his plea of guilty. This appeal was perfected pursuant to V.A.C.C.P. art. 44.02 and concerns only the issue involving the search of Dorsey's car at the time of his arrest.

At 12:30 p.m. on August 31, 1981, Officer Gerald W. Teague of the Fort Worth Police Department was dispatched to the 1110 block of Veal Street in Fort Worth to answer a complaint.

Upon arriving at the location, Officer Teague met with Carolyn Jackson, who informed the officer that Wayne Dorsey dis-

played a gun to her, claiming that Ms. Jackson owed Dorsey $100.00.

At the time Officer Teague was getting a physical description of Dorsey and the automobile he was driving, he heard over the police radio that Officer Woodward stopped a car of the same description and license number for a traffic violation.

After advising Officer Woodward the driver was armed, Officer Teague proceeded on foot to the place of arrest. After Officer Woodward arrested and hand cuffed Dorsey, Officer Teague opened the glove box to retrieve the gun, which Ms. Jackson said was kept there.

In his sole ground of error, Dorsey complains that the trial court erred in overruling his motion to suppress the evidence because the search and arrest were unconstitutional.

We disagree.

 Police broadcasts, based on probable cause, reporting a felony with a description of the suspect satisfy the requirements for a warrantless arrest. V.A.C.C.P. art. 14.04; *Law v. State*, 574 S.W.2d 82 (Tex.Cr.App. 1978). In the instant case, the information given by Ms. Jackson, the complainant, to Officer Teague alleged that the felony of aggravated assault had occurred and that Dorsey fled the scene in an old green Cadillac, giving a license number. While Officer Teague was taking all this information down, Officer Woodward radioed that he stopped a green Cadillac, giving the same license plate number, for a traffic violation. The two officers conferred with each other by radio whereupon Dorsey was placed under arrest by Officer Woodward.

We hold that the search of the interior of Dorsey's automobile based on the information given Officer Teague minutes before the arrest is not barred by the constitutional protections against unreasonable searches and seizures; *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

To arrive at this decision, we must distinguish between a victim of a crime who complains to the police and the individual who is considered a "reliable" informant.

In the present case, Ms. Jackson gave police her name and informed the investigating officer of the events surrounding the assault (her call to the police). Probable cause requirements for warrantless searches have been met where officers acted immediately upon information furnished them by witnesses to a crime without first investigating the reliability and credibility of those witnesses. *Frazier v. State*, 480 S.W.2d 375, 378 (Tex.Cr.App.1972). Ms. Jackson could have been called as a witness by Dorsey so that the trier of fact could pass on her credibility.

In cases involving unidentified informants, the trier of fact cannot pass on their credibility prior to issuance of a warrant. For this reason the Supreme Court established additional standards to show the reliability and credibility of the informant. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).