Bobby Ray JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–84–215CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 21, 1984.

Sandra Kimble, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Appellant appeals from a jury conviction of possession of a controlled substance with intent to deliver. After appellant pleaded true to an enhancement allegation, the jury assessed punishment at 50 years.

As is common in many criminal cases, this case presents two different versions of how the arrest and search occurred. Since the jury chose to believe the state's witnesses, the following facts were taken from their testimony.

Officer Dyess, assigned to the Houston Police Department Tactical Squad, was working the Northeast area of Houston on May 24, 1983. He witnessed the transaction in dispute while standing between two houses on Rawley street. With the aid of binoculars, Dyess observed the actions of the appellant. Appellant was standing outside Hall's Gameroom on Rawley Street when a gray vehicle stopped in front of the appellant. The driver got out of his vehicle, approached appellant, and after a brief conversation, appellant walked over to a blue Ford parked next to the gray vehicle. Dyess observed appellant remove a key from a ring hanging from his waist and appear to unlock the door of the blue Ford. Appellant removed a brown paper sack from the Ford, then approached the driver of the gray vehicle and exchanged a small plastic bag for some cash. The plastic bag contained a white powder, which appeared to be cocaine. As the gray vehicle drove away, appellant returned the brown paper sack to the Ford.

Officer Dyess left his observation point and met his partner, Officer Calaway, who was in the patrol car a few blocks away. They proceeded to the Northeast police substation for the purpose of drawing up a search warrant for the blue Ford. Before Dyess could draft a search warrant affidavit, he received information that the Ford was going to move shortly; therefore, he and his partner returned to Rawley Street.

Dyess exited the patrol car and approached the gameroom from one direction, while his partner in the patrol car approached from the other. When Dyess walked around the corner of the gameroom, he observed appellant sitting in the front seat on the passenger side of the blue

Ford. He stood at the corner of the game-room until his partner came around the other corner. When the appellant noticed Officer Calaway approaching in his patrol car, he exited the blue Ford and Dyess stepped up next to him. At this time, Dyess observed the butt of a pistol protruding from under the armrest of the front seat. Appellant was told to step to the rear of the Ford. Dyess informed his partner of the presence of the pistol and instructed him to watch appellant. Dyess reached in the Ford, raised up the armrest, and retrieved the sack containing the protruding pistol. He unloaded the pistol and examined the contents of the sack, which contained $400 cash and four plastic bags of a white powdered substance he believed to be cocaine.

Appellant was placed under arrest and the Ford was subjected to an inventory search prior to being towed. This search revealed another pistol under the front seat and a blue bag containing the appellant's identification.

Prior to trial, a hearing was held on appellant's Motion to Suppress. Appellant sought suppression of any and all evidence seized from his person or the blue Ford. The trial judge overruled this motion, and after a jury trial he brings this appeal.

The appellant brings to this court an appeal based on one ground of error presented in an unusual manner, because the ground of error and the argument which follows it do not comport. The ground of error challenges the admissibility of the controlled substance at trial on the premise it was obtained as a result of an unreasonable search and seizure. On the other hand, the argument presented by appellant does not directly support the ground of error; rather, it attacks the overruling of his motion to suppress at the pre-trial suppression hearing. Due to the manner in which this ground is presented, we choose to answer it in a two-pronged approach.

First, in appellant's argument he attacks the court's overruling his motion to suppress. He argues that the State's failure to rebut the testimony presented by the defense at the pre-trial hearing was error. Further, that because the state did not put on any evidence, it failed to prove the legality of the warrantless arrest and search. We disagree.

At the pre-trial suppression hearing, appellant testified on his own behalf. The state did not offer any evidence nor call any witnesses to rebut the defense testimony; however, on cross examination, appellant testified to several crucial facts. Among these facts were: (1) appellant did not own the blue Ford from which the drugs were taken; (2) nothing was taken from the Ford which belonged to him except a pistol, placed there by the true owner of the Ford, Johnny Lee Austin; (3) appellant denied ever driving the car or having been in the car that day; (4) he was left in possession of the key to the Ford while Johnny Lee Austin went next door. In other words, appellant disassociated himself from the ownership or control of the blue Ford.

It is well recognized that a defendant may challenge a search and seizure only if he had a legitimate expectation of privacy in the place where the police found the evidence. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Liebman v. State*, 652 S.W.2d 942 (Tex.Crim.App. 1983) (en banc); *Rozell v. State*, 662 S.W.2d 634 (Tex.App.—Houston [14th Dist.] 1983, no pet.). The appellant readily admitted on the witness stand he had no interest whatsoever in the car or its contents. The appellant may not now complain the search and seizure was unlawful simply because the evidence was used against him. He must stand behind his suppression hearing testimony, which leads this court to find appellant had no standing to challenge the search which produced the cocaine. "Where, as here, the appellant disclaims ownership of an automobile he forfeits his standing to contest the search thereof." *Sullivan v. State*, 564 S.W.2d 698, 702 (Tex.Crim.App.1978) (en banc); *Hensley v.*

*State*, 494 S.W.2d 816, 817 (Tex.Crim.App. 1973). Therefore, we find the trial court was correct in overruling appellant's motion to suppress.

This court is aware of the recent decision of *Wilson v. State*, No. 921–83 (Tex.Crim. App., September 19, 1984) (not yet reported), where the court held the state may not raise standing for the first time on appeal. However, the Court of Criminal Appeals went on to hold that *Sullivan v. State* is to be applied narrowly and that its application is limited only to those situations where an absurd result would occur.

In *Sullivan v. State* the Court of Criminal Appeals held:

> To hold that a search and seizure is illegal even though the record before this court and the evidence before the trial judge shows the defendant had no standing to challenge the search simply because the prosecutor did not verbalize the issue would be to reach an absurd result.

■ In the more recent case of *Wilson v. State*, the Court of Criminal Appeals held that *Sullivan v. State*, announced an exception to the general rule that the state may not raise standing for the first time on appeal. The court in *Sullivan v. State* relied on four principles as justification for allowing the state to raise standing for the first time on appeal. We follow this theory and compare the case at bar.

First, the evidence must affirmatively show the appellant could have entertained no reasonable expectation of privacy in the automobile. Here, it is clear from appellant's pre-trial suppression hearing testimony that he claimed no interest in nor control over the blue Ford. Therefore, he could claim no expectation of privacy in an automobile from which he completely disassociates himself.

Second, it would be absurd to hold that a search and seizure was illegal where the record before this court and the evidence before the trial judge showed the appellant had no standing to challenge the search. Based on the pre-trial suppression hearing

testimony, it was clear to the trial judge and to this court that appellant had no standing to challenge the search. To hold otherwise would be to reach the absurd result feared in *Sullivan v. State.*

Third, the state must not claim appellant had sufficient possession of the automobile for purposes of conviction, but did not have sufficient possession to confer standing to challenge the search. The state must take consistent positions. In the present case, Dyess observed the apparent sale of cocaine from a paper sack stored in the front seat of the Ford. Here, the police did not try to prove appellant owned the car; only that he knew about the cocaine and used the car to store it. Therefore, the state's positions are consistent.

Although the Court of Criminal Appeals delineated a fourth element or justification of the *Sullivan v. State* test, we perceive this fourth point not to be an element of the test but merely a supplemental explanation of the effect of another case relevant to this issue. This case, *Maldonado v. State*, 528 S.W.2d 234 (Tex.Crim.App. 1975) declares the general rule that the state may not raise standing for the first time on appeal. The exception to this rule is to apply the test set out in *Sullivan v. State.*

We follow the court's holding in *Wilson v. State* and apply *Sullivan v. State* narrowly to the case at bar. We find this case analogous to *Sullivan v. State* and hold that because the state did not specifically raise standing at the pre-trial suppression hearing, its waiver on appeal would be an absurd result in light of the evidence that standing was lacking.

■ We now move to the second part of our two-pronged approach to this appeal. The ground of error alleges the trial court erred in admitting into evidence an alleged controlled substance that was illegally obtained from an unreasonable search and seizure. This ground of error is unsupported by authority or argument, thus this court need not address this ground. Tex. Code Crim.Proc.Ann. art. 40.09 (Vernon

Supp.1984). However, in the interest of justice, we will inquire into the lawfulness of the arrest and search.

 The evidence reveals that Officer Dyess witnessed the exchange of money for a plastic bag containing a white powdered substance. As an experienced officer, it was reasonable for him to assume this substance was cocaine. The only method to be absolutely sure the substance was cocaine would have been for him to test it, an unlikely event. Under Tex.Code Crim.Proc.Ann. art. 14.01(b) (Vernon 1977) a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. The sale of cocaine could hardly be considered an exception to this rule. Therefore, we find Officer Dyess had probable cause to believe that an offense had been committed in his presence. *See Boyd v. State*, 621 S.W.2d 616 (Tex.Crim.App.1981); *Gonzales v. State*, 638 S.W.2d 41 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd).

We now consider the reasonableness of the search. When a peace officer possesses probable cause that a motor vehicle contains contraband or the instrumentalities of a crime, a valid search can be conducted in the area of the vehicle where the facts justify the officer's belief that such evidence is concealed. *Christopher v. State*, 639 S.W.2d 932, 935 (Tex.Crim.App. 1982) tracks the leading state and federal authority on this issue.

In the present case, Officer Dyess observed appellant selling what he believed to be cocaine from the blue Ford. He observed appellant place the paper bag in the automobile after the sale. Under these circumstances, Dyess had probable cause to search the Ford for contraband. Also, when Dyess approached appellant, he immediately observed in plain view the butt of a pistol protruding from beneath the armrest on the front seat. Officer Dyess was justified in seizing the pistol for his safety and the safety of his partner.

Furthermore, inventory searches pursuant to a lawful impoundment are not in violation of the Fourth Amendment. The appellant was placed under custodial arrest and there was no one to whom the police could have given possession of the automobile. Therefore, the impoundment was lawful and the inventory search prior to having the car towed was lawful. Whether the car is searched prior to lawful impoundment or at the city pound makes no difference. *Daniels v. State*, 600 S.W.2d 813, 815 (Tex. Crim.App.1980).

Accordingly, the judgment of the trial court is affirmed.