Arthur Joe McGOWAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 194–84.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 6, 1985.

John W. Wiggins, Sr., Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin Hartmann and Donald A. Smyth, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

CLINTON, Judge, dissenting.

The court of appeals held that an officer who observed (and was in fact a participant in) the drug transaction for which appellant was convicted could communicate his observations to other officers who could in turn make a valid warrantless arrest of appellant on the authority of Article 14.01, V.A. C.C.P., which reads in relevant part:

"(a) A peace officer ... may without a warrant, arrest an offender *when the offense is committed in his presence or within his view,* if the offense is one classed as a felony or as an offense against the public peace." [All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.]

The only authority cited for this *nouveau* construction of Article 14.01, supra, by the court of appeals is another of its own opinions, *Gonzales v. State,* 638 S.W.2d 41 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). The Court in *Gonzales,* supra, in turn cited *Law v. State,* 574 S.W.2d 82 (Tex.Cr.App.1978); and *Tarpley v. State,* 565 S.W.2d 525 (Tex.Cr.App.1978).

The most cursory review of *Law* and *Tarpley,* both supra, reveal them to deal with situations in which the authority for the warrantless arrests was Article 14.04, V.A.C.C.P.—*not* Article 14.01.

Article 14.04, supra, by its explicit terms more often than not deals with the transfer of information to the arresting officer by another or others.[1]

Thus, appellant's petition for review presents to us a question of first impression, which impresses me as a classic reason for exercising our discretionary review jurisdiction.[2]

I would grant appellant's petition for discretionary review to resolve the important question presented thereby, and dissent to the Court's refusal to do so.

TEAGUE and MILLER, JJ., join.

---

1. "Where it is shown by satisfactory proof to a peace officer, *upon the representation of a credible person,* that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused."

2. In *Willis v. State,* 669 S.W.2d 728 (Tex.Cr.App. 1984), the Court recognized that Article 14.04 and Article 14.01, V.A.C.C.P., are not interchangeable, each being supported by its own policy considerations. *Willis,* supra, may be read to be in accord with the court of appeals' opinions here, but it did not analyze the issue presented today.