**Rafael Diaz CARABALLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–84–676–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 13, 1986.

J.C. Castillo, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Glen Gotschall, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

OPINION

PAUL PRESSLER, Justice.

This is an appeal from a conviction for delivery of a controlled substance by actual transfer. We affirm.

Officer G.B. Guerra, working undercover, arranged to buy a quantity of cocaine from appellant. Guerra went to appellant's apartment to consumate the deal. A cohort of appellant arrived carrying a small athletic bag. Guerra opened the bag and took out a plastic baggy containing a white powdery substance identified as cocaine. When Guerra picked up the baggy, he was asked, "Where is the money?" Guerra laid the baggy down and replied, "Let me go downstairs, get the money, get something to weigh it with. When I come back, I'll check it better." After going downstairs, Guerra gave a pre-arranged bust signal. A group of officers, without Guerra, entered appellant's apartment, found appellant holding the baggy of cocaine, and arrested him without a warrant.

After hearing all the evidence, the trial judge found the appellant guilty of delivery of a controlled substance by actual transfer. Punishment was assessed by the trial court at imprisonment for fifteen years and

one day in the Texas Department of Corrections.

Appellant brings two grounds of error. In his first, he argues that the trial court erred in overruling his motion to suppress evidence obtained as a result of an illegal arrest and search.

■ Tex.Code Crim.Proc.Ann. art. 14.-01(a) states:

A peace officer or any other person, may without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

The state argues that under 14.01(a) the arrest of appellant without a warrant was justified. However, appellant contends that 14.01(a) does not apply because the offense was committed in Guerra's presence, but he did not make the arrest. Therefore, because the officers who made the arrest did not see the offense being committed, they were required to obtain a warrant.

In *Willis v. State*, 669 S.W.2d 728 (Tex. Crim.App.1984), the Court of Criminal Appeals addressed a similar fact pattern. As in the present case, the police officer in *Willis* who witnessed the commission of the offense did not make the arrest. Nevertheless, the court stated:

Although Foster himself did not make the arrest ... he was part of a team of officers present at the scene of the offense. He had first-hand knowledge of the offense and relayed that knowledge to his fellow officers. These officers ... were aware of the prior telephone conversation setting up the deal, saw the pre-arranged signal from Foster confirming that appellant possessed drugs when he left Foster, and arrested appellant a few minutes later. Foster did not himself seize appellant, but he observed the arrest from about ¾ of a mile away. Foster was just as much a participant in the arrest as if he had seized appellant himself. There was no significant time lapse or other intervening event that would take this arrest out of the ambit of Art. 14.01. *Willis* at 730.

Here Guerra was part of a team of officers present at the scene of the offense. He had first-hand knowledge of the crime and transmitted that information to his fellow officers. These officers recognized the pre-arranged bust signal given by Guerra and reacted accordingly. In short, Guerra was an integral part of the arrest team and being such participated in the arrest of appellant. Sec. 14.01 clearly applies to this case. The first ground of error is overruled.

In his second ground of error, appellant argues that there was insufficient evidence to prove delivery of a controlled substance by actual transfer.

■ Delivery of a controlled substance can be made in three ways: offer to sell, constructive transfer, and actual transfer. Here the state abandoned the offer to sell and constructive transfer paragraphs of the indictment and relied on the actual transfer paragraph. Appellant asserts that an actual transfer did not occur because Guerra failed to maintain custody and control of the cocaine while he went outside the apartment to give the bust signal. This is too strict a standard. The statute merely refers to a transfer of a controlled substance not to the consumation of a deal. Technically, transfer means to cause something to pass from one person to another. Here appellant allowed Guerra to handle and inspect the cocaine for the purpose of making a sale and with the intent to deliver such into his possession. The drug moved from appellant's dominion and control to Guerra's. Cocaine is an illicit commodity. The concept of a completed transfer as in making a gift or delivering a deed does not apply to the delivery of controlled substances. The facts of this case are sufficient to show a delivery of drugs by actual transfer. The second ground of error is overruled.

The judgment of the trial court is affirmed.