**A.D. BIRDWELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–90–233–CR.**

Court of Appeals of Texas, Fort Worth.

Nov. 13, 1991.

Danny Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., with C. Chris Marshall and Tanya S. Dohoney, Assts., Fort Worth, for appellee.

Before SPURLOCK, FARRIS and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is an appeal by A.D. Birdwell who was convicted for the offense of the delivery of a controlled substance, cocaine under twenty-eight (28) grams. TEX.HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Pamph. 1991). After finding that the enhancement paragraphs were true, the jury assessed his punishment at forty (40) years confinement in the Institutional Division of the Texas Department of Criminal Justice. In his sole point of error, Birdwell asserts that the trial court erred in overruling his motion to suppress the evidence illegally seized from his person.

We affirm.

## Statement of Facts

On October 15, 1988, Officer Margaret Terry of the Special Approach Unit (SAU) of the Fort Worth Police Department's Narcotics Division was working in an undercover capacity. Officer Terry was flagged down by a black male on East Stella in Fort Worth, Texas. The man asked whether she was looking for any "rocks." Officer Terry responded affirmatively and followed the man to an apartment one block away. She then followed him upstairs and was invited into the apartment where she met Birdwell, another man, and a woman. Officer Terry testified that she observed brown rock cocaine atop a mirror in front of Birdwell. Officer Terry purchased two $10.00 bags of cocaine and left the office. Upon leaving the apartment, Officer Terry informed the other SAU team officers that the delivery of cocaine had been made and that Birdwell planned to "close up shop." The other SAU team officers went into the apartment and made the arrest for the delivery of cocaine. Although no additional cocaine was seized due to Birdwell, presumably, flushing it down the toilet as the officers entered the apartment, the appellant was found to be in possession of the twenty (20) dollar bill that was used by Officer Terry to purchase the cocaine. Officer Terry then performed a "drive-by" identification of Birdwell. The evidence seized as a result of the alleged illegal detention, arrest, and search of the defendant is the focus of Birdwell's motion to suppress. After Birdwell's pretrial motion to suppress evidence was overruled, the appellant was convicted and sentenced to forty (40) years confinement in the Institutional Division of the Texas Department of Criminal Justice. From this conviction, Birdwell now appeals.

## Appellant's Point of Error

In his sole point of error, Birdwell asserts that the trial court erred in overruling his motion to suppress the illegally seized evidence from his person. Birdwell complains that the police had no independent exigent circumstances to make the warrantless entry into his house. Resolution of this point of error requires the discussion of two separate issues. First, whether the suppression of evidence found on a defendant when arrested is proper when the warrantless arrest is made by an officer other than the one who actually observed the criminal activity. Second, whether the fact that the arrests in this case were made inside Birdwell's residence is of any import.

First, this case presents the question of whether article 14.01 of the Texas Code of Criminal Procedure justifies a warrantless arrest for a felony when the officer witnessing the felony does not also see the arrest. In Texas, a peace officer's authority to make a warrantless arrest is controlled exclusively by statute. *Fry v. State*, 639 S.W.2d 463, 465 (Tex.Crim.App. [Panel Op.] 1982), *cert. denied*, 460 U.S. 1039, 103 S.Ct. 1430, 75 L.Ed.2d 790 (1983). Statutory warrantless arrests stand as exceptions to the general rule that an officer must obtain a warrant prior to an arrest. *Id.* Article 14.01 provides an exception to

the rule, but its conditions must be complied with to result in a lawful arrest. Article 14.01(a) states:

> A peace officer or any other person, may, without a warrant, arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony or as an offense against the public peace.

Tex.Code Crim.Proc.Ann. art. 14.01(a) (Vernon 1977). A peace officer who does not himself possess probable cause to make a warrantless arrest may act on information relayed to him by other officers to effect a lawful arrest. *Pyles v. State*, 755 S.W.2d 98, 109 (Tex.Crim.App.), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). In such cases, the sum of information known to cooperating officers will be examined to determine the sufficiency of probable cause. *Id.* Therefore, an officer may rely on others in determining that probable cause exists, and may in some instances rely on other officers in making the actual arrest. *Astran v. State*, 799 S.W.2d 761, 764 (Tex.Crim.App.1990). As long as the facts show that the viewing officer effectively participated in the arrest and was fully aware of the circumstances of the arrest, then article 14.01 is satisfied. *Id.*

■ In the present case, Officer Terry observed the commission of a felony in her presence, namely the delivery of less than twenty-eight (28) grams of cocaine by Birdwell. Then, after leaving the residence, she signalled the other SAU team members to make the arrest. After the arrest was completed, Officer Terry made a "drive-by" identification of Birdwell in order to confirm that the proper individual had been arrested. We therefore find that the article 14.01 arrest of Birdwell by officers, other than the actual peace officer who observed the commission of the felony, was proper since all the officers were working in concert and within a defined time period.

■ The second issue which must be addressed involves the question of whether the fact that Birdwell was arrested in his residence is of particular import and therefore distinguishable from *Astran*. In *Car-*

*aballo v. State*, 706 S.W.2d 773, 773–74 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd), essentially the same facts arose. In that case, the defendant attempted to sell cocaine to an undercover police officer, G.B. Guerra, inside his apartment. Officer Guerra left the apartment with the excuse that he had to retrieve the money and a scale to weigh the cocaine. After going downstairs, the officer gave a prearranged bust signal. A group of officers, without Guerra, entered the defendant's apartment, found the defendant holding the bag of cocaine, and arrested him without a warrant. The fact that the defendant was arrested in his apartment was of no import to the court. *Id.*

In the present case, Officer Terry was part of a team of officers present at the scene of the offense. She had first-hand knowledge of the crime and transmitted the information to her fellow officers. The other officers reacted to the signal given by her. Officer Terry was an integral part of the arrest team and being such participated in the arrest of Birdwell. As in *Caraballo*, the fact that the arrest of the defendant occurred in the defendant's own apartment is of little import when the officers consummated a proper article 14.01 arrest. *Caraballo*, 706 S.W.2d at 774; *see also Gonzalez v. State*, 638 S.W.2d 41, 44–45 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). We find that the trial court properly rejected Birdwell's motion to suppress. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.