**A.D. BIRDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 017–92.

Court of Criminal Appeals of Texas, En Banc.

June 3, 1992.

Discretionary Review Refused June 3, 1992.

Danny D. Burns, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Tanya S. Dohoney, David Ward and Terri Moore, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

■

## DISSENTING OPINION ON REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

Appellant was convicted of the offense of delivery of an unaggravated amount of cocaine, enhanced, and his punishment was set at confinement in the penitentiary for forty years. He argued on appeal that the trial court erred in failing to grant his motion to suppress evidence predicated on the claim it was the product of a warrantless arrest. The court of appeals affirmed. *Birdwell v. State*, 819 S.W.2d 641 (Tex.App.—Fort Worth, 1991).

The facts are set out in the court of appeals' opinion, and need not be revisited here in any depth. Suffice to say that appellant sold cocaine to an undercover police officer in an apartment. Upon leaving the apartment the undercover officer summoned other officers who entered the apartment without a warrant and arrested appellant. The court of appeals held that the circumstances of the undercover "buy" and arrest were such as to justify the warrantless search under Article 14.01(a), V.A.C.C.P. Along the way the court of appeals concluded that the fact appellant had been arrested in the apartment made no difference to its Article 14.01 analysis, relying for authority upon *Astran v. State*, 799 S.W.2d 761 (Tex.Cr.App.1990), *Caraballo v. State*, 706 S.W.2d 773 (Tex.App.—Houston [14th] 1986, pet. ref'd), and *Gonzales v. State*, 638 S.W.2d 41 (Tex.App.—Houston [1st] 1982, pet. ref'd).

It may well be that the court of appeals correctly disposed of the question whether appellant's warrantless arrest was justified as a matter of statutory law, under the precedents cited. However, as I perceive appellant's claim, both in the court of appeals and in this Court, he attacks his

warrantless arrest not solely on the basis that it did not comport with state law, but also on the ground that it violated the Fourth Amendment to the United States Constitution. This claim may well have merit. See *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). In any event, the court of appeals failed even to address this aspect of appellant's claim. Therefore, we should summarily grant his petition for discretionary review and remand the cause for a treatment of the question in the first instance in the court of appeals. Because the Court does not, I respectfully dissent.