

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00310-CR
No. 02-25-00311-CR
No. 02-25-00312-CR
No. 02-25-00313-CR

_____

NATHANIEL TURNER, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court Nos. 1677627, 1677629, 1677670, 1677674

---

Before Kerr, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Nathaniel Turner appeals from his four plea-bargained convictions—one for being a felon in possession of a firearm and three for possessing controlled substances with the intent to deliver them—and the resulting concurrent five-year sentences. In one point, Turner challenges the trial court's pre-plea denial of his motion to suppress evidence from an alleged illegal vehicle search. We will affirm.

## I. Background

Because evidentiary sufficiency is not at issue, we recite only the facts necessary to this appeal's disposition and discuss the suppression-hearing evidence in more detail below.

Fort Worth has high-definition pole cameras positioned throughout the city. One such camera is located at the 1300 block of East Rosedale, an area known for high crime, including narcotics sales.

In March 2021, Fort Worth narcotics officer James Richey was at his desk monitoring the pole camera and communicating with a team in the field about suspected narcotics sales. He observed Turner in a public parking lot buy a prescription pill bottle containing white pills, return to his vehicle, and then make several hand-to-hand sales to other persons. That is, Officer Richey saw people give Turner money in return for what the officer believed were narcotics in a pill form.

Based on his observations, education, training, and prior experience, Officer Richey determined that probable cause existed to arrest Turner for delivery of a

controlled substance and radioed for the field units to arrest him. Responding officers placed Turner in a police vehicle, told him they had probable cause to search his truck, and searched it. Inside, they found a bag containing pill bottles, currency, and a revolver. Officers then arrested Turner. Subsequent testing confirmed that the seized pills included oxycodone, amphetamines, and methadone.

After being charged with committing the drug and firearm offenses, Turner moved to suppress the evidence from the warrantless vehicle search and the seizure of the drugs and firearm. Although Officer Richey had not downloaded the pole-camera footage, he testified about his investigation, and the State offered the arresting officers' body-camera footage.

The trial court denied Turner's motions, after which he entered into plea agreements with the State. In each case, the State waived a habitual-offender allegation, Turner pleaded guilty without a punishment recommendation, and the trial court ordered that a pre-sentence investigation report be prepared. During punishment, the trial court found Turner guilty of the four offenses that he had pleaded guilty to and sentenced him to four concurrent five-year imprisonment terms.

## II. Discussion

In a single point, Turner complains about the vehicle search's legality. He argues that his initial detention was not "justified at its inception," and he further argues that the subsequent vehicle search was also unreasonable under the Fourth Amendment. We conclude that Turner forfeited the right to complain about his initial

3

detention and failed to demonstrate that the police's vehicle search violated the Fourth Amendment.

## A. Error Preservation—Initial Detention

We first consider whether Turner preserved any complaint about his initial detention. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Sanchez v. State*, 418 S.W.3d 302, 306 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Krause v. State*, 243 S.W.3d 95, 102 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) ("[A] motion to suppress must meet all of the requirements of an objection, that is, it must be timely and sufficiently specific to inform the trial court of the complaint."). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 263. The issue raised on appeal must comport with the objection made at trial. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

On appeal, Turner argues that the police lacked reasonable suspicion to detain him, but he abandoned this suppression ground in the trial court. During the suppression hearing, as Turner's counsel began his closing arguments, he stated,

> Judge, in this motion to suppress, originally there were two grounds that we're challenging. Reasonable suspicion for the stop, based on the officer's testimony, I'm not going to proceed on that ground. But I do want to proceed with the second ground which was probable cause for the search of the automobile, which is the main issue here.

Counsel then solely argued about the automobile search. Accordingly, we hold that Turner forfeited any complaints about whether the police had reasonable suspicion to detain him without a warrant. *See* Tex. R. App. P. 33.1(a); *Provence v. State*, No. 02-13-00475-CR, 2015 WL 4076796, at *3 (Tex. App.—Fort Worth July 2, 2015, no pet.) (mem. op., not designated for publication) (holding that a defendant forfeited a suppression ground that he did not argue to the trial court).

## B. Applicable Law and Standard of Review—Warrantless Vehicle Search

Under the Fourth Amendment,[1] "a warrantless search is per se unreasonable unless it falls within a warrant exception." *Marcopoulos v. State*, 538 S.W.3d 596, 599 (Tex. Crim. App. 2017) (citation modified). "The automobile exception allows for

---

[1]Turner's suppression motions invoked both the United States and Texas Constitutions, but on appeal, he does not argue that the Texas Constitution provides greater protections against unreasonable searches and seizures than the Fourth Amendment. We thus review only his federal constitutional arguments. *See Morris v. State*, No. 02-24-00008-CR, 2025 WL 1840469, at *12 n.18 (Tex. App.—Fort Worth July 3, 2025, pet. ref'd) (mem. op., not designated for publication) (citing *Welch v. State*, 93 S.W.3d 50, 52 & n.5 (Tex. Crim. App. 2002)).

the warrantless search of an automobile 'if it is readily mobile and there is probable cause to believe that it contains contraband.'" *Id.* (quoting *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)).[2]

"Probable cause exists where the facts and circumstances known to law enforcement officers are 'sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'" *Id.* at 599–600 (quoting *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S. Ct. 1302, 1311 (1949)). Probable cause also requires "a 'fair probability' of finding inculpatory evidence at the location being searched." *Id.* at 600 (quoting *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008)). When reviewing the legality of a warrantless arrest and search, a court should consider the cumulative information known to the officers cooperating together at the time of the arrest and search. *State v. Martinez*, 569 S.W.3d 621, 626 (Tex. Crim. App. 2019); *Woodward v. State*, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982) (op. on reh'g); *see also Bianchi v. State*, No. 01-02-01130-CR, 2004 WL 549565, at *3 (Tex. App.—Houston [1st Dist.] Mar. 18, 2004, pet. ref'd) (mem. op., not designated for publication) (holding that officer had probable cause to

---

[2]Turner does not challenge the "readily mobile" element, but given that his vehicle was in a parking lot near two businesses, the factfinder could have reasonably inferred that he drove his vehicle to the parking lot and that it was readily mobile. *See Hernandez v. State*, No. 02-24-00437-CR, 2025 WL 2458616, at *1 n.2 (Tex. App.—Fort Worth Aug. 26, 2025, pet. ref'd) (mem. op., not designated for publication); *see also Keehn*, 279 S.W.3d at 335–36 (holding that automobile exception applied to a van parked in a driveway).

arrest appellant after observing him on store surveillance tape committing a theft); *United States v. Dennis*, 41 F.4th 732, 740–42 (5th Cir. 2022) (holding that agency's surveilling a street view of defendant's home with pole camera and observing delivery of what others had informed the agency was marijuana established probable cause to search the property).

Texas classifies most prescription medications as controlled substances in differing penalty groups. *See* Tex. Health & Safety Code § 481.101 & Subch. B., App. A (current version at www.dshs.texas.gov/drugs/controlled-substances.aspx). And it is a crime to intentionally or knowingly possess a controlled substance without a valid prescription, regardless of the controlled substance's penalty group, *see id.* §§ 481.115–.118, or to knowingly deliver or possess with intent to deliver a controlled substance of any penalty group, *see id.* §§ 481.112(a), 481.1121(a), 481.1123(a), 481.113(a), 481.114(a).

Thus, an officer's observation of someone's making multiple hand-to-hand sales of pills from a prescription bottle in a public place with a reputation as a drug market can be used to establish probable cause to seize the contraband. *See Terry v. State*, No. 14-15-01020-CR, 2018 WL 1057565, at *5 (Tex. App.—Houston [14th Dist.] Feb. 27, 2018, pet. ref'd) (mem. op., not designated for publication) ("Appellant's three hand-to-hand transactions, combined with the complaints received about narcotics dealings and the officers' general knowledge of the area's propensity for drug and gang activity, satisfied the necessary showing."); *Boyd v. State*,

7

No. 01-87-00273-CR, 1988 WL 26386, at *2 (Tex. App.—Houston [1st Dist.] Mar. 24, 1988, no writ) (not designated for publication) (concluding probable cause existed based upon observed hand-to-hand exchanges of money for brown envelopes—known for their use in selling marihuana—at a "known drug house"); *Johnson v. State*, 684 S.W.2d 129, 130, 133 (Tex. App.—Houston [14th Dist.] 1984, no writ) (involving an experienced officer who reasonably assumed that a substance was cocaine after he witnessed through binoculars the exchange of money for a plastic bag containing a white powdered substance).

Further, an officer may lawfully search a vehicle incident to arrest when an officer has reason to believe a vehicle contains evidence of the offense of arrest. *State v. Sanchez*, 538 S.W.3d 545, 547 & n.6 (Tex. Crim. App. 2017) (citing *Arizona v. Gant*, 556 U.S. 332, 335, 129 S. Ct. 1710, 1714 (2009)). When the offense of arrest involves narcotics, a belief that contraband or similar evidence relevant to the crime might be found in the vehicle is reasonable. *Id.* at 549 (citing *Thornton v. United States*, 541 U.S. 615, 632, 124 S. Ct. 2127, 2137 (2004) (Scalia, J., concurring)). "If an officer has probable cause to arrest, a search incident to arrest is valid if it is conducted before a formal arrest—at least if it is immediately before the arrest." *Id.* at 550; *see also State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999); *Morris*, 2025 WL 1840469, at *11 n.16.

When reviewing a trial court's ruling on a motion to suppress, we "must view the evidence in the light most favorable to the trial court's ruling." *Marcopoulos*,

8

538 S.W.3d at 600 (quoting *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006)). Applying a bifurcated standard of review, "[w]e will afford 'almost total deference' to a trial court's express or implied 'determination of historical facts' and review de novo 'the court's application of the law of search and seizure' to those facts." *Id.* (quoting *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (citation modified)).

**C. Analysis**

During the suppression hearing, Officer Richey testified that he based his probable-cause determination on observing Turner and from his education, training, and experience as a narcotics officer. *See Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). Although Officer Richey was at his desk watching a live video feed when he saw Turner making numerous pill sales, he explained that he coordinated with and radioed field officers to assist in arresting Turner, and he then went to the site to assist in the on-site investigation. *See Martinez*, 569 S.W.3d at 626; *Woodward*, 668 S.W.2d at 344; *see also Bianchi*, 2004 WL 549565, at *3; *Dennis*, 41 F.4th at 740–42.

Officer Richey testified that he observed Turner with a pole camera positioned in a high-crime area. He knew that the area had a history of high narcotics sales, having previously patrolled and made many arrests in that area. On March 16, 2021, Officer Richey was watching the pole camera's live feed and saw Turner buy a bottle of pills. He described the bottle as "a clear or see-through orange pill bottle . . . [w]ith a white cap." He could see the pills inside the bottle. After Turner bought the bottle, Officer Richey observed him go to his vehicle and begin to sell the pills to multiple

9

men and women. Each person gave Turner money, and he gave them pills or what Officer Richey described as narcotics.

Officer Richey knew that Turner's selling prescription medications that did not belong to him was against the penal code, so he determined that Turner was committing a crime and called the field officers to arrest him. *See* Tex. Health & Safety Code §§ 481.112(a), 481.1121(a), 481.1123(a), 481.113(a), 481.114(a). When the responding officers searched Turner's vehicle, they "found the pill bottles and the bag that [Officer Richey] had seen the pills in." They also found currency and a revolver.

Considering the totality of the circumstances, and viewing the evidence in the light most favorable to the trial court's ruling, *see Marcopoulos*, 538 S.W.3d at 600, we conclude that the officers had probable cause to justify Turner's warrantless arrest for possessing drugs with the intent to deliver them, *see Terry*, 2018 WL 1057565, at *5; *Boyd*, 1988 WL 26386, at *2; *Johnson*, 684 S.W.2d at 130, 133. And because the offenses of Turner's arrest involved his selling narcotics from his vehicle, we further conclude that it was reasonable for the police to believe that they would find contraband in his vehicle—including the pills that Officer Richey observed him selling—or similar evidence relevant to those offenses. *See Sanchez*, 538 S.W.3d at 550. Accordingly, the police's search of Turner's vehicle was valid under the Fourth Amendment.[3] *See Marcopoulos*, 538 S.W.3d at 599; *Sanchez*, 538 S.W.3d at 551.

---

[3]That Turner was formally arrested immediately after his vehicle's search is irrelevant to our analysis. *See Ballard*, 987 S.W.2d at 892.

10

We therefore conclude that the trial court did not err by denying Turner's four suppression motions. We overrule Turner's sole appellate point.

### III. Conclusion

Having overruled Turner's sole point, we affirm the trial court's judgments.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 11, 2026